[No. 26325.  *En Banc.*  February 9, 1937.]

E. G. WILLIAMS *et al., Appellants,* v. W. E. CLAYTON *et al., Respondents.*[1]

*C. F. Schlosstein,* for appellants.

*D. V. Morthland* and *Harry L. Olson,* for respondents.

TOLMAN, J.—Plaintiffs sued to recover for damages to their truck and its contents sustained in a collision with a truck owned by the copartnership composed of the defendants W. E. Clayton and A. L. Cissell and driven by the defendant G. E. Clayton. The defendants, answering the complaint, denied negligence on their part, pleaded negligence on the part of the driver of plaintiffs' truck, and, by way of a cross-complaint.

[1]Reported in 64 P. (2d) 1017.

sought recovery for property damages and personal injuries sustained by the defendant driver.

The case was tried to the court sitting without a jury. Findings of fact were made from which we quote:

"That on or about said 18th day of September, 1934, at the hour of about ten o'clock P. M. thereof, the plaintiffs' said truck was being driven by one J. L. Farning for and on behalf of said plaintiffs in a westerly direction on United States Highway No. 97 out of the city of Ellensburg, Washington, approaching the intersection of said highway with Okanogan street. That at said time the said truck owned by the defendants, W. E. Clayton and A. L. Cissell, was being driven by the defendant, Glenn Clayton, in an easterly direction on said United States Highway 97, also approaching the intersection of said highway with Okanogan street. That as said trucks approached each other from opposite directions as aforesaid, each was being driven in a careless and negligent manner in that each was so driven that they approached each other each out of its proper lane of traffic and each expecting the other to give way and that neither of said drivers of said trucks took any steps to relieve the situation and avoid a collision until it was too late and that such failure constituted negligence on the part of each of said drivers, and that said trucks collided with each other. That the said negligence of each of the drivers of said trucks was a concurring proximate cause of said collision and all of the damages and injuries which resulted therefrom."

From these findings, the conclusion was drawn that, both parties being negligent, neither was entitled to recover. A judgment followed dismissing the plaintiffs' complaint and likewise dismissing the defendants' cross-complaint. The plaintiffs have appealed from that part of the judgment adverse to them.

A highway patrol officer arrived at the scene of the accident ten minutes after the accident happened

and, on his arrival, talked to the appellant's driver. When asked to repeat what was said by that driver, an objection was interposed upon the theory that the question called for hearsay evidence or a self-serving declaration. The trial court ruled that statements then made by the driver would not be a part of res gestae and sustained the objection. Appellants complain of this ruling.

In such matters, there can be no definite and fixed limit of time, nor is this a question of time, but rather of the right to introduce a self-serving declaration, which, as such, is never permissible. Each case must depend upon its own circumstances. If the trial court has exercised a sound discretion, we cannot interfere. *Walters v. Spokane International R. Co.,* 58 Wash 293, 108 Pac. 593, 42 L. R. A. (N. S.) 917. We find no evidence of an abuse of discretion and therefore no error in the ruling rejecting the testimony.

Complaint is made of the granting of a continuance for the purpose of taking the deposition of an absent witness. This, also, was within the discretion of the trial court, and under all of the circumstances revealed by the record, it appears that that discretion was soundly exercised.

The main question presented on this appeal is a question of fact only. We have carefully read and weighed all of the evidence and are convinced that it does not preponderate against the findings made by the trial court, which we have quoted. Each driver claimed to be on his own side of the highway and claimed that the other driver was on the wrong side of the highway. Each claimed that, at the last moment, he swung his truck sharply to the left in a futile attempt to avoid the collision. Such a situation viewed in the light of the then existing conditions and all the surrounding circumstances, as detailed by other wit-

nesses, tends strongly to indicate negligence on the part of each driver.

Under our familiar and well established rule to the effect that the findings of the trial court will be sustained unless it be found that the evidence preponderates against them, the judgment must be affirmed. It is so ordered.

ALL CONCUR.